CatroN, Ch. J.
delivered the opinion of the court.
By the constitution of the United States, and the act of Congress, the same force and effect must be given by the courts of this State, to the decree of the chancery court in Virginia, that it had in that State. The complainant informs us in the bill, that the decree there was final and conclusive, not subject to be revised or reviewed; and hence he applied to a court of chancery for relief *144 *n ®late- The decree cannot have less force here than in Virginia, or be reviewed here; for this is in fact nothing more than a bill of review, grounded on the Virginia record. Congress having declared the force and effect of judgments and decrees, in sister states, to be the same as in the states where they were rendered, it is our duty to execute this decree rendered in Virginia, just as there it would have been executed, had complainant Hunt .continued to reside within the jurisdiction of the chancery court at Lynchburgh.
The Charge of champerty made against Hale, we think, • is no reason for applying to a court of chancery to enjoin the judgment at law. If there was champerty in prosecuting the suit at law, application ought to have been made to that court, the fact ascertained, and the suit dis^ missed. This would not have been a forfeiture of the' claim of Lyle: he might have brought another suit.
1 There is no ground on which this bill can be sustained:. The decree of the chancellor will be affirmed.
Decree affirmed.